Filed 4/4/16  P. v. Willis CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067114 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD208339) |
| MARIO WILLIS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Carl Fabian, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

In 2008, defendant and appellant Mario Willis was sentenced under the three

strikes law (Pen. Code,[1] §§ 667, subds. (b)–(i), 1170.12) to a term of 25 years to life. The record of conviction with respect to that sentence supports the trial court's later, 2014, determination that sentence on Willis's third strike was imposed for commission of an offense during which he was armed within the meaning of Penal Code section 667, subdivision (e)(2). Willis's use of a firearm during commission of the third-strike offense disqualified him for relief under Proposition 36, adopted by the voters in 2012. (See § 1170.126, subd. (e)(2).) Accordingly, we affirm the trial court's order denying his petition to recall his sentence.

As we discuss more fully below, we reject Willis's contention with respect to what composes his record of conviction and what it shows. In particular, the record of conviction includes both the trial court's conclusion at the time of his sentence that, in the course of a heated domestic dispute, Willis was armed with a sawed-off shotgun, and our reliance on that fact in later affirming his conviction and life sentence.

### FACTUAL AND PROCEDURAL BACKGROUND

1. Underlying Offense

In August 2007, Willis had multiple felony convictions on his record, which included a prison term for his participation in armed robberies.[2] At that time, Willis had been out of prison and was employed as a printer. Although in 2007 Willis was living with his girlfriend, he was married to another woman and frequently returned to his wife's

---

[1] All further statutory references are to the Penal Code.

[2] His record included eight prior "strike" convictions.

2

residence, where she was living with two of his stepsons and two of his children.

On August 10, 2007, Willis parked his car in front of his wife's garage so that one of his stepsons could not get his bicycle out of the garage. According to Willis, he did so because his stepson had been disrespectful to Willis's mother, and he was punishing the child by preventing him from using his bicycle. Willis's wife wanted her son to get his bike, and she and Willis began to argue. Willis went into his wife's bedroom and took a sawed-off shotgun out of a pillow case. When Willis's wife asked him what he was going to do the with gun, he told her he was going to use it; according to both Willis's wife and one of his stepsons, Willis then "racked" or pumped the shotgun. Willis's stepson later testified that, at some earlier point, he had seen Willis with the shotgun.

Willis's wife attempted to keep her children out of the bedroom and managed to direct one of her sons to call police. Police arrived and arrested Willis; they recovered the sawed off shotgun, searched the home, and found ammunition.

2. Conviction and Sentence

Willis was charged with attempting to make a criminal threat (§ § 664/422); being a felon in possession of a firearm (former § 12021, subd. (a)(1)); being a felon in possession of a deadly weapon (former § 12020 subd. (a)); and being a felon in possession of ammunition (former § 12316). The charges were tried by a jury, which was unable to reach verdict on the criminal threat count but did find Willis guilty on all the weapons counts.

Because of his prior convictions, Willis was subject to a 25-years-to life sentence

3

under the three strikes Law. At his sentencing, he asked that his prior serious felony convictions be stricken; Willis not only argued that a substantial amount of time had passed between his then current convictions and his prior convictions, and that he had been leading a law abiding life, but he also argued that his current convictions were not serious offenses that merited a life sentence. In rejecting that characterization of the current offenses, and his request that the priors be stricken, the trial court stated: "The reality is the possession charge is that . . . , the son, testified unequivocally, without any hesitation, that he saw his father on three separate occasions in the possession of this shotgun and the bullets. [¶] . . . [¶] It was crystal clear as well that the son heard the racking of the shotgun in the context of the domestic dispute, albeit no criminal offense having occurred. [¶] Now, we can't take it out of context, the husband and wife arguing. The husband has a sawed-off shotgun. He is racking it with the children in the house, outside. That's not minimal conduct offense . . . ."

Willis filed a timely notice of appeal, and, in our opinion affirming his conviction and upholding his sentence, we set forth a summary of the factual background of the case, including a description of the argument Willis had with his wife and his conduct in retrieving the shotgun from the pillowcase and racking it in her presence and the presence of his stepson. (See *People v. Willis* (Nov. 13, 2009, D053544) [nonpub. opn.].) Among other issues, on appeal Willis argued his life sentence was so disproportional to the offense of possessing firearms that it amounted to cruel and unusual punishment. In rejecting this argument, we stated: "Although Willis's current offenses do not technically

4

involve violence, they demonstrate the potential for further violence. Willis was found guilty of possessing a sawed-off firearm and live ammunition-offenses which arose in the context of what appears to have been a very heated argument between Willis and his wife." (*People v. Willis*, *supra*, D053544.)

3. Petition to Recall

On March 26, 2013, Willis filed a petition to recall his sentence under the recently adopted provisions of Proposition 36. On November 12, 2014, the trial court issued an order to show cause why the petition should not be denied; the order stated that, in light of the fact Willis retrieved the shotgun in the course of an argument with his wife, Willis was armed within the meaning of section 667, subdivision (e)(2). The order to show cause noted that the underlying facts of the case had been set forth in our opinion on appeal and recited, in part, our description of the domestic dispute, including in particular the fact that Willis retrieved the shotgun from a pillow case and racked it.

At the hearing on the order to show cause, the trial court denied Willis's petition, and he filed a timely notice of appeal.

DISCUSSION

On appeal, Willis contends that the trial court erroneously relied on our prior opinion in determining that he was armed and, therefore, disqualified for relief under Proposition 36. We reject this argument. Although we agree that an appellate court's recitation of facts may, under some circumstances, not be binding on a party in future proceedings, where, as here, those facts were litigated both in the trial court and the Court

5

of Appeal, the Court of Appeal's determination of those facts may be relied upon in future proceedings.

I

The People and Willis agree that he is not qualified for relief under Proposition 36 if his sentence under the three strikes law was imposed for a crime he committed while armed within the meaning of section 667, subdivision (e)(2)(C)(iii).  (See § 1170.126, subdivision (e)(2).)  We also agree with Willis that a conviction under former section 12021, subdivision (a) is possible when a defendant was not armed within the meaning of section 667, subdivision (e)(2)(C)(iii), but merely had constructive possession of a sawed-off shotgun.  (*People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1417.)

Under Proposition 36, in determining whether a crime was committed while a defendant was armed, a trial court must rely on the "record of conviction," rather than conduct new factfinding proceedings.  (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1338-1339.)  Moreover, the record of conviction includes any factual conclusions we reached in an opinion on a defendant's appeal from a conviction.  (See *People v. Brimmer* (2014) 230 Cal.App.4th 782, 800; see also *People v. Woodell* (1998) 17 Cal.4th 448, 458; *People v. Trujillo* (2006) 40 Cal.4th 165, 180-181.)  An "appellate opinion itself, representing the action of a court, clearly comes within the exception to the hearsay rule for official records."  (*People v. Woodell*, *supra*, at p. 458.)  It represents "a judicial statement and can help determine the nature of the crime of which the defendant had been convicted."  (*Id.* at p. 459.)

6

Contrary to Willis's argument on appeal, nothing in *Lockley v. Law Office of Cantrell, Green, Pekich & McCort* (2001) 91 Cal.App.4th 875, 882-883 prevented the trial court from relying on our prior opinion in Willis's previous appeal. In *Lockley*, the court held that facts stated in an appellate opinion may not be judicially noticed where those facts have not been established by way of an adversary proceeding. (*Lockley*, at p. 883.) Here, Willis litigated the nature of his offense—and in particular its seriousness—both in the trial court at the time of his sentence and in the Court of Appeal. In both forums, his contentions were rejected because both courts found that he was armed at the time of the subject offense. Thus, unlike the litigant in *Lockley*, the fact he was personally armed with the shotgun was determined by way of adversary proceedings and was properly noticed in the trial court. Willis argues the jury might have concluded he constructively possessed the firearm, and, therefore, he should be eligible for resentencing because this would not amount to his being "armed". As the record in this case demonstrates, including the opinion of this court, there is no evidence that Willis constructively possessed the weapon. The only evidence Willis points to is the dismissal of count 1, making a criminal threat against his wife. His logic is strained. The alleged victim in count 1 was his wife. The evidence demonstrated that when confronted by his wife, Willis issued a generalized threat to "use it." One can see how the jury could conclude the general threat was not a threat against his wife, particularly where the conflict arose with respect to Willis's stepson. Second, one can certainly possess or arm themselves with a firearm and not threaten to use it. In this case there is no legal or

logical relationship between the threat in count 1 and the possession charge.

DISPOSITION

The order is affirmed.

BENKE, Acting P. J.

WE CONCUR:

NARES, J.

O'ROURKE, J.

8