Filed 9/15/23  P. v. Ruiz CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079870 |
| v. | (Super.Ct.No. FWV036076) |
| REYNALDO RUIZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael R. Libutti, Judge.  Affirmed.

Carl Fabian, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Lynne M. McGinnis and James M. Toohey, Deputy Attorney Generals, for Plaintiff and Respondent.

In February 2007, a jury found defendant and appellant Reynaldo Ruiz guilty of attempted murder (Pen. Code,[1] §§ 187, subd. (a), 664, subd. (a)); robbery (§ 211); and participating in a criminal street gang (§ 186.22, subd. (a)). The jury found true the special circumstance that the attempted murder was committed willfully, deliberately, and with premeditation. (§§ 189, 664, subd. (a).) The jury also found various firearm and gang enhancements true. The jury found that defendant's codefendant, Marco Antonio Ruiz (Brother), personally discharged a firearm causing injury to the victim. The trial court sentenced defendant to prison for life with the possibility of parole plus a consecutive term of 25 years to life (§ 12022.53, subds. (d) & (e)(1)).[2]

In January 2022, defendant petitioned the trial court for resentencing, arguing that he was convicted of attempted murder under the natural and probable consequences doctrine, which is no longer a recognized crime. (Former § 1170.95, subd. (a).)[3] The trial court found that defendant failed to establish a prima facie case for relief and denied the petition. Defendant contends the trial court erred by finding he did not make a prima facie case. We affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The sentencing minute order incorrectly calculates defendant's total sentence as life with the possibility of parole—mistakenly omitting the consecutive term of 25 years to life. However, the abstract of judgment is accurate.

[3] Section 1170.95 has been renumbered section 1172.6. We cite section 1170.95 because that was the statute in effect at the time defendant filed his petition in the trial court.

## FACTUAL AND PROCEDURAL HISTORY

A.    DEFENDANT'S CRIMES

On Halloween night 2005, the victim and his friend (Friend) were in a liquor store parking lot when defendant; Brother, who is defendant's younger brother; and two of their gang associates arrived in the parking lot. (*People v. Ruiz* (May 15, 2009, E042886) [nonpub. opn.] [2009 WL 1362283, *2-3, 9].) Defendant asked the victim and Friend where they were from and ultimately robbed the victim and Friend. (*Id.* at p. *2.) As the victim and Friend ran toward the liquor store after being robbed, Brother shot the victim in his back. (*Id.* at p. *3.)

B.    PROSECUTOR'S CLOSING ARGUMENT

During closing arguments to the jury, the prosecutor argued, "Why do you shoot someone who's running away from you? Why do you shoot someone who you've already robbed? Why? To eliminate witnesses. Gang members don't shoot to injure. Gang members shoot to kill. And that's exactly what happened in this case." The prosecutor continued, "Why would [Brother] shoot a guy that they've already robbed? He's running away. He's going back into the liquor store, right? They've already robbed him. . . . [¶] . . . Because they're trying to kill him."

C.    DIRECT APPEAL

In defendant's direct appeal from his convictions, he asserted that there was not substantial evidence to support the intent to kill element of his attempted murder conviction. (*People v. Ruiz*, *supra*, [2009 WL 1362283, *8].) This court rejected that contention. (*Id.* at p. *9.) In a footnote to that analysis, this court wrote, "The

3

prosecution did not rely upon the natural and probable consequences doctrine in charging [defendant] or [Brother] with the attempted murder. Specifically, the prosecution did not allege that [Brother] or [defendant] intended to commit some other target crime of which the attempted murder was a natural and probable consequence. Instead, the prosecution proceeded upon the theory that the attempted murder was itself the intended crime." (*Id.* at p. *8, fn. 3.)

### D.      DEFENDANT'S PETITION

Defendant's petition for resentencing consisted of marking the boxes on a form indicating that he met the statutory requirements for relief and attaching his abstract of judgment to the form.

### E.      PEOPLE'S OPPOSITION

In opposing defendant's petition, the People asserted that the laws had changed to no longer permit an attempted murder conviction under a natural and probable consequences theory, but the prosecution did not rely upon a natural and probable consequences theory in defendant's case. Rather, the prosecution presented a theory of direct aiding and abetting, which remains a valid theory of attempted murder.

### F.      DEFENDANT'S REPLY

In defendant's reply, he contended the jury did not explicitly find that he intended to kill the victim because the jury was inadequately instructed on aiding and abetting. The trial court denied defendant's petition.

4

## DISCUSSION

Defendant contends the trial court erred by finding his petition did not set forth a prima facie case for relief.

The resentencing statute provided, "A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced on any remaining counts." (Former § 1170.95, subd. (a).)

The natural and probable consequences doctrine refers to a situation in which " 'a person who knowingly aided and abetted a crime, the natural and probable consequence of which was murder or attempted murder, could be convicted of not only the target crime but also of the resulting murder or attempted murder. [Citations.] "This was true irrespective of whether the defendant harbored malice aforethought. Liability was imposed ' "for the criminal harms [the defendant] . . . naturally, probably, and foreseeably put in motion." ' " ' " (*People v. Lee* (2020) 49 Cal.App.5th 254, 261.)

The natural and probable consequences doctrine is no longer a valid theory for an attempted murder conviction. (*People v. Offley* (2020) 48 Cal.App.5th 588, 595.) However, direct aiding and abetting remains a valid theory for attempted murder. (*Id.* at p. 595-596.) Direct aiding and abetting means the defendant had the mental state required for murder, e.g., intent to kill. (*People v. McCoy* (2001) 25 Cal.4th 1111, 1117-1118.)

When determining if a defendant is entitled to relief under former section 1170.95, a court examines the record of conviction. (*People v. Offley*, *supra*, 48 Cal.App.5th at p. 597.) The record of conviction includes " 'documents reliably reflecting the facts of the offense for which the defendant was convicted.' " (*People v. Trujillo* (2006) 40 Cal.4th 165, 177.) For example, a trial transcript is part of the record of conviction. (*Ibid.*)

The record reflects defendant was convicted under a theory of direct aiding and abetting, i.e., with an intent to kill. During closing argument to the jury, the prosecutor argued that the robbery had been completed before the attempted murder occurred, so the two were separate crimes. The prosecutor contended that, at the time of the shooting, the intent was to kill the victim. That means defendant was not convicted under a theory of natural and probable consequences. Therefore, defendant is not entitled to relief under former section 1170.95. (*People v. Estrada* (2022) 77 Cal.App.5th 941, 945 [similar conclusion].)

Defendant contends the trial court erred by not granting an order to show cause because the aiding and abetting instruction (CALJIC No. 3.00) given to the jury was ambiguous. The instruction provided, "Persons who are involved in committing a crime are referred to as principals in that crime. Each principal, regardless of the extent or manner of participation is *equally guilty*. Principals include: [¶] 1. Those who directly and actively commit the act constituting the crime, or [¶] 2. Those who aid and abet the commission of the crime." (CALJIC No. 3.00, italics added.) Defendant contends the

words "equally guilty" are problematic because they "prevented the jury from deciding the level of culpability of [defendant] and [Brother] independent of each other."

The jury was instructed that an aider and abettor must act "[w]ith the intent or purpose of committing or encouraging or facilitating the commission of the crime." (CALJIC No. 3.01.) The jury was also instructed that "a clear, deliberate intent to kill" is necessary for first degree murder. (CALJIC No. 8.67.) Between those two instructions, the jury was informed that an accomplice must act with the intent or purpose of encouraging the principal with an intentional act of killing. Given that the instruction (CALJIC No. 3.01) described a separate intent finding for an accomplice, it is not reasonable that the jury believed it could substitute Brother's intent for defendant's intent. (See *People v. Johnson* (2016) 62 Cal.4th 600, 640-641 [similar conclusion].)

Next, defendant contends the trial court erred by denying his petition because, during trial, the prosecution's gang expert testified that defendant acted with the specific intent to benefit defendant's gang. Defendant asserts such testimony was improper because it was not presented to the jury in a hypothetical format.

" ' "Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from." [Citation.] We have no jurisdiction over an order not mentioned in the notice of appeal.' " (*In re J.F.* (2019) 39 Cal.App.5th 70, 75.) Defendant's notice of appeal is limited to the order denying his petition for resentencing. "The mere filing of a section 1170.95 petition does not afford the petitioner a new opportunity to raise claims of trial error." (*People v. Farfan* (2021) 71

7

Cal.App.5th 942, 947.) Defendant's contention about the gang expert's testimony raises an issue of alleged trial error, which goes beyond the parameters of the trial court's ruling that defendant failed to present a prima facie case in his section 1170.95 petition. Accordingly, it is not a matter that we can address in this appeal.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

McKINSTER

Acting P. J.

RAPHAEL

J.