Filed 5/19/15  P. v. Eaton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C074520 |
| v. | (Super. Ct. No. 95F05466) |
| RUBEN EATON, JR., | |
| Defendant and Appellant. | |

Defendant Ruben Eaton, Jr., filed a petition for recall and resentencing under Penal Code section 1170.126.[1]  The trial court denied the petition, determining that defendant is ineligible for resentencing because he was armed with a deadly weapon during his most recent offense.

---

[1] Undesignated statutory references are to the Penal Code.

1

Defendant now contends (1) he was entitled to an evidentiary hearing on his petition for recall and resentencing , and (2) he is not ineligible for resentencing because an arming allegation was not pleaded and proved in the underlying case.

Finding no merit in defendant's contentions, we will affirm the order denying the petition for recall and resentencing.

BACKGROUND

We take the facts from the record of defendant's most recent conviction. (*People v. Trujillo* (2006) 40 Cal.4th 165, 180-181.) A police officer testified at trial that he searched defendant's pockets when he arrested him on June 7, 1995, discovering several baggies containing methamphetamine, a pouch with a hypodermic syringe, and a knife with a "five, almost a six-inch blade." The officer said the blade poked out of defendant's pants pocket but was concealed by an oversized shirt. A jury found defendant guilty of possessing methamphetamine and cocaine and also of violating section 12020, subdivision (a), by "carrying concealed upon his person a dirk or dagger." The trial court instructed the jury that the words dirk and dagger are synonyms referring to "any knife or other instrument with or without a handguard that is primarily designed or constructed to be a stabbing instrument designed to inflict great bodily injury or death."

The trial court determined that defendant had two prior felony convictions (for a robbery in 1986 and for firing a weapon at a vehicle in 1992) and that his sentence was subject to the "three strikes" provisions of sections 667 and 1170.12. The trial court sentenced defendant to 25 years to life in prison.

In early 2013, defendant filed a petition for recall and resentencing under the Three Strikes Reform Act of 2012. The trial court denied the petition, determining that defendant is ineligible for resentencing because he was armed with a deadly weapon during his most recent offense. The trial court denied defendant's motion for reconsideration.

2

I

Defendant contends he was entitled to an evidentiary hearing on his petition for recall and resentencing because his petition presented a prima facie case for resentencing.

The Three Strikes Reform Act was approved by voters as Proposition 36 in November 2012; it amended sections 667 and 1170.12 and added a new section 1170.126, changing the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life.  (*People v. Hicks* (2014) 231 Cal.App.4th 275, 281-282.)  It essentially " 'diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecutor has pled and proved an enumerated disqualifying factor.' " (*Ibid*., quoting *People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)  It also created a postconviction procedure to allow discretionary resentencing for persons serving life sentences for crimes that were not serious or violent -- so long as those persons were not otherwise disqualified in specified ways.  (*Ibid*.)  Being armed with a deadly weapon during the crime or crimes for which a petitioner was convicted is among the enumerated disqualifying factors.  (§§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C)(iii).)

Upon receipt of a petition, the trial court must determine whether the petitioner is eligible for resentencing.  (§ 1170.126, subd. (f).)  The denial of a petition is an appealable order.  (*Teal v. Superior Court* (2014)  60 Cal.4th 595.)

Here, the trial court determined, based on the record, that defendant is not eligible for resentencing because he was armed with a deadly weapon during the commission of the most recent offenses.  The trial court cited the jury instruction defining a dirk or dagger as an instrument designed to inflict great bodily injury or death, along with the jury's conclusion that defendant was carrying such an instrument on his person when he was arrested.

3

Defendant argues the determination as to whether he was armed with a deadly weapon required a new evidentiary hearing. He cites rule 4.551(f) of the California Rules of Court, which provides: "An evidentiary hearing is required if . . . there is a reasonable likelihood that the petitioner may be entitled to relief and the petitioner's entitlement to relief depends on the resolution of an issue of fact."

According to defendant, section 1170.126 implicitly contemplates a prosecutor putting on evidence of the disqualifying factor and the defendant objecting to the admissibility of evidence and arguing its interpretation. Defendant cites a former version of a Couzens and Bigelow practice guide for the proposition that once the petitioner establishes that the felonies for which he was sentenced were nonviolent and nonserious, prima facie eligibility has been established and a hearing is required. (Couzens & Bigelow, Three Strikes Sentencing (June 2014) § 14:3.) But the practice guide is regularly updated as new cases are published. The version at the time of this writing states that a hearing is contemplated only if petitioner establishes (1) that he was sentenced to life in prison for a nonserious and nonviolent felony, and (2) that he is not disqualified by one of the enumerated statutory factors. (*Ibid*.) Section 1170.126 does not require an evidentiary hearing to determine a fact that is unequivocally established in the record. The trial court may determine eligibility based on the record. (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 805 (*Brimmer*); *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1063 (*Blakely*).)

In addition, defendant points to *People v. White* (2014) 223 Cal.App.4th 512, a case in which a trial court, in reviewing a petition for recall and resentencing filed by a defendant convicted for possession of a firearm, issued an order to show cause rather than simply denying the petition. Although that procedure was not criticized on appeal, we do not construe the appellate court's silence on the subject as approval.

Defendant claims he has a right to present evidence that he was not armed despite the blade in his pocket. Among other things, he says the knife in his pocket may have

4

been a hunting knife and not a "dirk or dagger." He claims he should not have been convicted of the crime and must have received ineffective assistance of counsel. But the time for challenging the basis for his conviction on appeal has passed. (See *Lackawanna County Dist. Attorney v. Coss* (2001) 532 U.S. 394, 403-404 [149 L.Ed.2d 608, 618] [once a conviction is no longer open to direct or collateral attack because a defendant either failed to appeal or did so unsuccessfully, the conviction is conclusively valid for sentencing purposes].)

Moreover, whether a person who possesses a weapon is "armed" was answered long ago. "A defendant is armed if the defendant has the specified weapon available for use, either offensively or defensively." (*People v. Bland* (1995) 10 Cal.4th 991, 997, italics omitted.) In cases involving felony drug possession, a defendant who keeps both a weapon and illicit drugs in a place he controls is " 'armed . . . in the commission . . . of [the drug offense].' " (*Id*. at p. 1006.)

Here, the jury found that defendant carried drugs and the weapon at the time of his arrest. No factual issue as to eligibility remained at the time of his petition for recall and resentencing. Defendant was armed as a matter of law and no hearing was required to determine that he was ineligible for resentencing under section 1170.126.

II

Defendant next contends he is not ineligible for resentencing because an arming allegation was not pleaded and proved in the underlying case.

There is no pleading and proof requirement in section 1170.126. (*Brimmer, supra,* 230 Cal.App.4th at pp. 802-803.) As we have explained, the trial court may determine eligibility based on the record. (*Id*. at p. 805; *Blakely, supra,* 225 Cal.App.4th at p. 1063.) That is what the trial court did in this case.

Defendant cites *People v. Pitto* (2008) 43 Cal.4th 228, but that case does not assist him. The Supreme Court reiterated in that case that the arming provisions in California law were designed to deter and punish those who create dangerous situations in the

5

course of committing crimes.  (*Id*. at p. 236.)  Having a weapon at hand to facilitate drug crimes is sufficient to establish that a defendant was armed, even in the face of a cogent argument that the defendant had a different purpose for carrying the weapon.  (*Id*. at p. 240.)

### DISPOSITION

The order denying defendant's petition for recall and resentencing is affirmed.


                                                     MAURO          , J.


We concur:


      BUTZ            , Acting P. J.


      DUARTE        , J.