Filed 9/2/15  P. v. Hale CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ODELL HALE,<br><br>     Defendant and Appellant. | B260283<br><br>(Los Angeles County<br>Super. Ct. No. PA050761) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Reversed and remanded with directions.

Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Odell Hale appeals from an order denying his petition to recall his sentence under the Three Strikes Reform Act of 2012, added by Proposition 36. (Pen. Code, § 1170.126).[1] The trial court considered appellant's sentence as a whole and deemed him ineligible for resentencing because of his conviction of criminal threats, a serious felony. In light of *People v. Johnson* (2015) 61 Cal.4th 674, the parties agree the sentence should be considered on a count-by-count basis. We therefore reverse and remand for reconsideration of appellant's eligibility for resentencing on his conviction for corporal injury to spouse, which is not a serious or violent felony.

## FACTUAL AND PROCEDURAL SUMMARY

In 2005, appellant was convicted by jury of corporal injury to a spouse, cohabitant or child's parent (§ 273.5, subd. (a), count 1), based on a March 2004 incident during which he repeatedly struck Velvet Rushing, the mother of his two teenage sons. In a separate incident in February 2005, appellant threatened to kill Rushing and the boys while holding a sword, hit his son Odell and threatened him with a knife. Based on that incident, the jury convicted appellant of one count of assault by means likely to produce great bodily injury as to his son Odell (former § 245, subd. (a)(1), now § 245, subd. (a)(4), count 2); three counts of criminal threats (§ 422, subd. (a), counts 4-6), each with an enhancement for personal use of a deadly or dangerous weapon (§ 12022, subd. (b)(1)), and two counts of assault with a deadly weapon as to his son Odell (§ 245, subd. (a)(1), counts 7-8).

The court found true three previous strike convictions and sentenced appellant under the Three Strikes Law to a total of 66 years to life in prison. The sentence consisted of 25 years to life, plus 16 years of enhancements, on one of the criminal threats counts (count 4), and a consecutive 25 years to life term on count 1, corporal injury to a spouse. Appellant received concurrent life sentences on the remaining counts.

---

[1] Statutory references are to the Penal Code.

**DISCUSSION**

An inmate is eligible for resentencing under the Three Strikes Reform Act if "[t]he inmate is serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes law] for a conviction of a felony or felonies that are not defined as serious and/or violent . . . ." (§ 1170.126, subd. (e)(1).) During the pendency of this appeal, the California Supreme Court resolved a split of authority on the issue of the eligibility for resentencing of an inmate serving an indeterminate life sentence for several offenses, only some of which are neither serious nor violent felonies. (*People v. Johnson*, *supra*, 61 Cal.4th 674.) The court rejected the argument that "resentencing is allowed only if all of a prisoner's current offenses are neither serious nor violent . . . ." (*Id*. at p. 688.) It held that an inmate's eligibility for resentencing must be evaluated on a count-by-count basis (*ibid*.), and the inmate may be eligible for resentencing "with respect to a current offense that is neither serious nor violent despite the presence of another current offense that is serious or violent." (*Id*. at p. 695.) The court noted that the same approach applies to the list of current offenses and circumstances incorporated into section 1170.126, subdivision (e)(2) through sections 667 and 1170.12. (*People v. Johnson*, at p. 693.)

Corporal injury to a spouse, where the criminal conduct does not include personal use of a dangerous or deadly weapon, is not a serious or violent felony. (*People v. Trujillo* (2006) 40 Cal.4th 165, 175, 179.) Respondent concedes that appellant was unarmed during the March 2004 incident, which is the basis for count 1, corporal injury to a spouse. Appellant is not rendered ineligible for resentencing on count 1 by the serious felonies he committed in February 2005, and the trial court erred in denying the petition on that basis. (*People v. Johnson*, *supra*, 61 Cal.4th at p. 695.)

Respondent proposed an alternative basis for denying the petition—that appellant's sentence was imposed for an offense in which he used a deadly weapon, which is a disqualifying circumstance. (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii); 1170.126, subd. (e)(2).) As *People v. Johnson*, *supra*, 61 Cal.4th at page 693 makes clear, that is not a valid basis for denying the petition either. Because appellant's sentence must be examined count by count, section 1170.126, subdivision

3

(e)(2) does not disqualify appellant from resentencing on the non-serious count 1, during the commission of which he was unarmed.

We direct the trial court to reconsider defendant's petition with respect to count 1, corporal injury to a spouse. Under section 1170.126, subdivisions (f) and (g), the trial court has discretion to consider all relevant factors in determining whether a new sentence on that count "would result in an unreasonable risk of danger to public safety." (1170.126, subd. (g)(3).)

## DISPOSITION

The order is reversed. The trial court is directed to reconsider appellant's eligibility for resentencing under section 1170.126 with respect to his corporal injury to a spouse conviction.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:


WILLHITE, J.


MANELLA, J.

4