Filed 3/28/16  P. v. Starwell CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TASHAKA STARWELL,<br><br>    Defendant and Appellant. | B261579<br><br>(Los Angeles County<br>Super. Ct. No. TA088032) |

APPEAL from an order of the Superior Court of Los Angeles County. Joseph A. Brandolino, Judge.  Affirmed.

Caneel C. Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Tashaka Starwell appeals from the order denying his motion to reclassify his felony conviction for grand theft auto (Pen. Code, § 487, subd. (d)(1))[1] as a misdemeanor pursuant to section 1170.18, added by Proposition 47.[2] He contends the order must be reversed, because the trial court impermissibly considered evidence outside the record of conviction and information in the probation report to determine the value of the automobile he took was more than $950. He proposes on remand the trial court be directed to grant his motion or, alternatively, to conduct further proceedings and rule on his motion based "only on relevant and admissible portions of the record of conviction."

---

[1]     All further section references are to the Penal Code unless otherwise indicated.

[2]     Proposition 47 was an initiative measure approved by the voters (Gen. Elec. Nov. 4, 2014) and took effect on November 5, 2014 (see Cal. Const., art. II, § 10 [initiative statute "takes effect the day after the election unless the measure provides otherwise"]). "The initiative: added Government Code chapter 33 of division 7 of title 1 (§ 7599 et seq., the Safe Neighborhoods and Schools Fund); added sections 459.5, 490.2 and 1170.18 to the Penal Code; amended sections 473, 476a, 496 and 666 of the Penal Code; and amended Health and Safety Code sections 11350, 11357 and 11377. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4-14, pp. 70-74.) The electorate's stated purpose and intent was to '(1) Ensure that people convicted of murder, rape, and child molestation will not benefit from this act. [¶] (2) Create the Safe Neighborhoods and Schools Fund . . . for crime prevention and support programs in K-12 schools, . . . for trauma recovery services for crime victims, and . . . for mental health and substance abuse treatment programs to reduce recidivism of people in the justice system. [¶] (3) Require misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes. [¶] (4) Authorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors. [¶] (5) Require a thorough review of criminal history and risk assessment of any individuals before resentencing to ensure that they do not pose a risk to public safety. [¶] (6) [And to] save significant state corrections dollars on an annual basis [and] increase investments in programs that reduce crime and improve public safety, such as prevention programs in K-12 schools, victim services, and mental health and drug treatment, which will reduce future expenditures for corrections.' (Voter Information Guide, *supra*, text of Prop. 47, § 3, p. 70.)" (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.)

We affirm the order denying relief under Proposition 47. Defendant has failed to demonstrate his eligibility for Proposition 47 relief. It is incumbent on defendant, in the first instance, to make a prima facie showing that the value of the automobile he took did not exceed $950. In the absence of this requisite showing, any error by the trial court in determining its value exceeded $950 is inconsequential.

## BACKGROUND

In Los Angeles Superior Court case No. TA088032, defendant was charged in count 1 of a complaint with grand theft auto (§ 487, subd. (d)(1)), a felony, in that he unlawfully took an automobile, to wit: a 1998 Ford Crown Victoria. The complaint also charged defendant with another count of felony grand theft auto (count 4), two counts of felony unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); counts 2, 5), two counts of felony receiving stolen property (motor vehicle) (§ 496d, subd. (a); counts 3, 6), and one count of petty theft, a misdemeanor (§ 484, subd. (a); count 7).

On December 11, 2006, defendant pled guilty to the count 1 charge of grand theft auto (§ 487, subd. (d)(1)). Pursuant to plea bargain, the remaining counts were dismissed.

On June 7, 2007, the trial court suspended imposition of sentence and placed defendant on formal probation for a period of three years under certain terms and conditions, including 270 days in county jail with credit for 270 days.

On December 1, 2014, defendant filed a motion to reduce his felony conviction to a misdemeanor. He argued "[n]othing in the statutory definition [of section 490.2], charging document, written plea agreement or transcript of [the] plea colloquy (to [his] counsel's knowledge as of this writing) in case TA088032 indicates that the value of property stolen exceeded $950.00. [Further, u]pon an examination of the minute orders, it does not appear that the trial judge made any explicit factual finding to which [defendant] assented. [Defendant therefore] is entitled to have his felony conviction reduced to a misdemeanor as a matter of law."

On January 12, 2015, at the hearing, the value of the automobile defendant unlawfully took was the sole disputed issue. The trial court stated the burden fell on

3

defendant to establish he was eligible for relief under Proposition 47. Based on review of the record of conviction, particularly the charging document, and the probation report, the trial court tentatively found the vehicle was an operational eight-year-old 1998 Crown Victoria and this vehicle's value would be greater than $950.

The prosecution argued the value of this automobile exceeded $950, because the charging document identified the make and model of the car and according to the Edmunds.com website, such car's dealer trade-in value was $3,268, based on its highest possible mileage and worst possible condition.

Defendant argued the trial court was confined to the record of conviction and was prohibited from considering such extrinsic evidence and that the probation report was inadmissible. The trial court disagreed and stated it could consider anything in the record as well as other evidence that shed light on the vehicle's value.

Based on such evidence and the inferences drawn, the trial court found the value of the taken automobile was over $950. The court acknowledged that if its finding were limited to "just the charging document and what's indicated at the time of the plea on the record," the court would not be able to infer the value of the vehicle.

Preceding this hearing, the trial court revoked defendant's probation. At the conclusion of the hearing, the court ruled "[p]robation remains revoked" and ordered defendant to appear at the probation violation hearing on January 26, 2015.

## DISCUSSION

1. *Petition for Recall and Resentencing Appropriate Procedure*

We begin by pointing out defendant has not yet completed his sentence.[3] The superior court's docket reflects that on January 30, 2015, defendant admitted a probation violation. The trial court revoked his probation and reinstated probation on the same

---

[3]     We invited the parties to file supplemental briefing on whether defendant has completed service of his sentence and, if not, whether the appropriate procedural challenge should be by means of a petition to recall his felony sentence and to resentence as a misdemeanor. We have received their responses.

4

terms and conditions.  Only if defendant "has completed his . . . sentence for" the subject felony conviction "may he file an *application* before the trial court . . . *to have the felony conviction . . . designated as [a] misdemeanor[]*."  (§ 1170.18, subd. (f), italics added.)  In contrast, a defendant "currently serving a sentence for a conviction . . . who would have been guilty of a misdemeanor under [Proposition 47] had [the Act] been in effect at the time of the offense may *petition for a recall of sentence . . . to request resentencing [as a misdemeanor]* in accordance with [certain enumerated sections of the Health and Safety Code and the Penal Code], as those sections have been amended or added by" Proposition 47.  (§ 1170.18, subd. (a), italics added.)  If the above criteria are satisfied, the defendant's "felony sentence shall be recalled and the [defendant] resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the [defendant] would pose an unreasonable risk of danger to public safety."  (§ 1170.18, subd. (b).)  We therefore deem defendant's "motion" to reclassify his grand theft auto felony conviction to be a petition to recall his felony sentence and resentence as a misdemeanor.

     2.  *Defendant's Burden to Make Prima Facie Showing of Eligibility Not Met*

     Defendant contends the trial court erred in inferring the value of the 1998 Crown Victoria was over $950, because such inference was based improperly on extrinsic evidence outside the record of conviction, citing to *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1331 [Proposition 36 eligibility "based solely on evidence found in the record of conviction"], and impermissibly on the probation report, citing to *People v. Trujillo* (2006) 40 Cal.4th 165, 178-179 [probation report after guilty plea "not part of the record of the prior conviction" and not useful to determine nature of prior conviction]).  We need not, and therefore do not, address these secondary issues.

     The threshold issue is whether defendant met the initial burden to establish his eligibility for relief under Proposition 47.  He has not.  The record is silent regarding the value, if any, of this vehicle, nor did defendant proffer any evidence on this point.  (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878-879; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 448-450; cf. *People v. Guerrero* (1988) 44 Cal.3d 343, 352

[presume conviction for "least offense punishable" when record of conviction "does not disclose any of the facts of the offense actually committed"].) Resolution of the secondary issues raised by defendant thus is of no moment.

## DISPOSITION

The order appealed from is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.

6