Filed 5/20/16  P. v. Rios CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FLORENCIO RIOS,<br><br>Defendant and Appellant. | F070453<br><br>(Super. Ct. No. MF007940A)<br><br>**OPINION** |

---

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Peggy A. Headley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Kane, Acting P.J., Franson, J., and Peña, J.

Florencio Rios filed a petition to be resentenced pursuant to Proposition 36, the Three Strikes Reform Act of 2012 (the Act). The trial court denied the petition, concluding Rios was ineligible for resentencing. Rios appeals, arguing the record is insufficient to support the trial court's conclusion. We affirm the order denying the petition.

## FACTUAL AND PROCEDURAL SUMMARY

In 2009, after his motion to suppress the handgun found in his possession was denied, Rios pled no contest to violating former section 12021.1, subdivision (a) of the Penal Code,[1] possession of a firearm by one who had previously been convicted of a violent felony (see now § 29900 et seq.), and he admitted four prior convictions constituting strikes within the meaning of section 667, subdivisions (b)-(i). He was sentenced to a third strike term of 25 years to life.

In 2014, Rios filed a petition to recall his sentence pursuant to section 1170.126. The district attorney's office opposed the petition. Relying on the opinion from this court denying his appeal from the underlying conviction, the trial court denied the petition, concluding Rios was ineligible for resentencing.

## DISCUSSION

Section 1170.126, enacted as part of the Act, defines those eligible for resentencing as inmates serving an indeterminate third strike sentence, and

(1) not serving a sentence for a crime listed as a serious felony (§ 1192.7, subd. (c)) or a violent felony (§ 667.5, subd. (c)),

(2) not serving a sentence for a crime committed under the circumstances listed in section 667, subdivision (e)(2)(C)(i)–(iii), or section 1170.12, subdivision (c)(2)(C)(i)–(iii), and

---

[1]Further statutory references are to the Penal Code.

(3) who does not have a prior conviction for an offense appearing in section 667, subdivision (e)(2)(C)(iv), or section 1170.12, subdivision (c)(2)(C)(iv). (§ 1170.126, subd. (e).)

If an inmate is eligible under the statute, then the inmate must be resentenced "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

This statute requires the trial court to conduct a two-step analysis. First, the trial court must determine if the inmate is eligible for resentencing. If the inmate is eligible for resentencing, then the trial court must decide if resentencing the inmate would pose an unreasonable risk of danger to public safety. An inmate will be resentenced only if he or she is eligible and if the trial court concludes he or she does not pose an unreasonable risk of danger to public safety. (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1299.) If the inmate is ineligible for resentencing, or the trial court concludes in the exercise of its discretion the inmate would pose an unreasonable risk of danger to public safety, then the petition is denied.

The trial court's analysis ended at the first step of this framework because it concluded Rios was ineligible for resentencing, relying on the fact Rios was armed with a firearm when he entered his plea in 2009. To reach this conclusion, the trial court relied on section 667, subdivision (e)(2)(C)(iii), and section 1170.126, subdivision (f). When read together, these two sections make an inmate ineligible for resentencing if the inmate, when committing the crime for which he or she is currently serving a third strike sentence, "used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§ 667, subd. (e)(2)(C)(iii).) Although not explicitly stated, the trial court undoubtedly relied on the fact Rios was armed with a firearm when he committed the 2009 felony, an inference with which both parties agree.

As we shall explain, Rios argues there is insufficient evidence to support the trial court's conclusion.

3.

We begin with the evidence this court included in the appellate opinion on which the trial court relied, *People v. Rios* (2011) 193 Cal.App.4th 584 (*Rios*). This evidence was taken from the hearing on Rios's motion to suppress. At the suppression hearing, the undisputed evidence established Rios was at a home where a juvenile offender resided on the morning in question. The juvenile was on probation, and the terms of probation included a search provision. (*Id.* at p. 589.)

When the probation officers encountered Rios, he became uncooperative. From outward appearances, the probation officer who encountered Rios concluded he was a gang member and decided to perform a *Terry* search for officer safety. (*Terry v. Ohio* (1967) 392 U.S. 1.) A loaded firearm fell from the waistband of Rios's shorts during the encounter, leading to his conviction. (*Rios, supra*, 193 Cal.App.4th at pp. 589-590.) The primary issue in the appeal was whether the trial court erred when it denied his motion to suppress. (*Id.* at p. 588.) We concluded there was no error and affirmed the judgment. (*Id.* at p. 601.)

Turning now to section 1170.126, it is settled that when determining whether an inmate is eligible for resentencing, the trial court may look only to the record of conviction. (See, e.g., *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1339.) The appellate court opinion from the underlying conviction is part of the record on appeal and is properly considered when determining an inmate's eligibility for resentencing pursuant to section 1170.126. (*People v. Trujillo* (2006) 40 Cal.4th 165, 180-181; *People v. Woodell* (1998) 17 Cal.4th 448, 456-457; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1030.)

Rios does not contest these general rules, but argues that in the context of this case the factual summary contained in the appellate court opinion is not sufficiently reliable to support the finding of ineligibility. The argument is not based on asserted errors in the opinion, but on the contention that because the facts cited in our opinion were from a motion to suppress rather than a trial, they provide insufficient support for the trial

court's conclusion. Although Rios makes several distinct points in his argument, each argument asserts the question of *what* the police found in Rios's possession leading to his arrest was not actually litigated. Instead, the facts in question both at the suppression hearing and in our opinion were the events leading to the discovery of the weapon. According to Rios, he thus had no motive to challenge the officer's testimony on what was found or to challenge the factual summary contained in our opinion.

Rios relies on *People v. Woodell* to support his argument. The precise issue in *Woodell* was whether the jury could rely on an appellate opinion from the defendant's prior out-of-state conviction to decide whether during commission of that crime the defendant personally used a deadly weapon so that the conviction would constitute a serious felony under California law. (*People v. Woodell*, *supra*, 17 Cal.4th at pp. 450-451.) The Supreme Court held the record of conviction included the appellate court opinion from the prior conviction. (*Id.* at p. 456.) However, the Supreme Court added a qualification to this holding:

> "We do not hold that all appellate opinions will, alone, be sufficient to establish whether a prior conviction qualifies as a serious felony under the Three Strikes law, or even that all opinions will be relevant to the question. Rather, we hold that appellate opinions, in general, are part of the record of conviction that the trier of fact may consider in determining whether a conviction qualifies under the sentencing scheme at issue. Whether and to what extent an opinion is probative in a specific case must be decided on the facts of that case." (*Woodell*, at p. 457.)

Rios relies on this qualification to support his argument.

We begin by concluding Rios has forfeited the argument because he did not object to the trial court's reliance on the appellate court opinion at the hearing on his petition. (*People v. Seumanu* (2015) 61 Cal.4th 1293, 1359-1360.) Defense counsel did not contest Rios's possession of the firearm when arguing he was eligible for resentencing, but instead asserted that because the possession of the firearm was not "tethered" to another offense, it could not be used to find him ineligible for resentencing. This court

has rejected the "tethering" analysis (*People v. Osuna*, *supra*, 225 Cal.App.4th at pp. 1030-1032), which explains why appellate counsel has not repeated the argument.

We would reject the argument even if we proceed to the merits because the appellate opinion in this case is probative. We begin by noting Rios does not now contend, and as far as we can tell has never contended, that he did not possess the firearm when he encountered the probation officer. The defense put forth by Rios in the trial court, and his primary argument on appeal, related to the circumstances of the detention and search leading to the discovery of the firearm. Rios did not dispute the discovery of the weapon, but argued the weapon was discovered during a search and seizure violating his Fourth Amendment rights. His later plea confirmed a weapon was found, resulting in the only question being the circumstances surrounding the discovery of the weapon, the very issue litigated in the trial court and in the appeal. Under the facts of this case, we conclude the appellate opinion was probative and formed a reliable basis for the trial court's conclusion that Rios was not eligible for resentencing.

We also reject Rios's second argument, that he was entitled to a jury trial with the prosecution being required to prove beyond a reasonable doubt that he was armed with a firearm when he committed the 2009 crime. As Rios observes, this argument has been rejected by this court and every court addressing the issue. These opinions have concluded, in essence, that since the defendant is seeking to have his or her sentence reduced, and is not subject to any possible increase in his or her sentence, the principles found in *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490, and its progeny have no application to a petition for resentencing. (See, e.g., *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1038-1040.)

## DISPOSITION

The order denying Rios's petition for resentencing is affirmed.