Filed 3/11/21  In re C.J. CA4/2
*See dissenting opinion*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re C.J., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075765 |
| v. | (Super.Ct.No. J263340) |
| C.J., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bryan K. Stodghill, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, C.J. (minor), filed a motion to seal his juvenile adjudication records (Welf. & Inst. Code, § 786, subd. (d)), which the juvenile court

1

effectively denied. After defense counsel filed a notice of appeal, this court appointed counsel to represent him. Appellate counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

After minor was found in possession of a stolen cell phone, he admitted breaking into four houses and stealing more than $5,000 in property.[1] On December 17, 2015, the People filed a juvenile wardship petition (Welf. & Inst. Code, § 602, subd. (a)), alleging minor had committed four separate first degree residential burglaries (Pen. Code, § 459, counts 1-4). On January 4, 2016, pursuant to an agreement between minor and the People, minor admitted the allegation in count 1. In return, the court dismissed the remaining counts and placed minor on probation in the custody of his mother and grandmother.

On May 26, 2016, minor was arrested for entering a residence by cutting the kitchen screen; he removed items from therein. On July 29, the People filed a subsequent

---

[1] Minor executed a *Harvey* waiver. (*People v. Harvey* (1979) 25 Cal.3d 754.) We rely on the probation report and juvenile probable cause declaration for our factual recitation noting that these documents cannot be relied upon to establish the actual facts of the offenses underlying the allegations against minor for any subsequent legal finding. (*People v. Saez* (2015) 237 Cal.App.4th 1177, 1199-1208 [Only where the defendant has stipulated that an officer's statements in a report could be used to demonstrate the factual basis of a conviction may the officer's hearsay statements be used to establish the conduct underlying the conviction.]; *People v. Trujillo* (2006) 40 Cal.4th 165, 179 ["A statement by the defendant recounted in a postconviction probation officer's report does not necessarily reflect the nature of the crime of which the defendant was convicted."].)

2

juvenile wardship petition alleging minor had committed first degree residential burglary. (Pen. Code, § 459, count 1.) On August 10, pursuant to a negotiated disposition, defendant admitted an added count 2 allegation of second degree burglary. (Pen. Code, § 459.) The court dismissed the count 1 allegation and continued the matter for disposition.

On August 24, 2016, the People filed a juvenile wardship petition alleging minor had violated the terms of his probation by failing to complete a drug and alcohol class, failing to report being questioned by law enforcement officers, and failing to attend school as directed. The next day, pursuant to the People's motion, the court dismissed the latest petition but allowed the probation department to consider the petition in its recommendation for disposition and restitution.

On September 29, 2016, minor was arrested for breaking into a school classroom and stealing a projector. On October 3, the People filed another subsequent juvenile wardship petition alleging minor had committed second degree commercial burglary (Pen. Code, § 459, count 1) and petty theft (Pen. Code, § 484, subd. (a), count 2). The next day, pursuant to a negotiated disposition, minor admitted the truth of the allegation in count 2. On the People's motion, the court dismissed the count 1 allegation. The court continued the matter for disposition on the remaining two petitions. On October 19, the court continued defendant on probation with added conditions.

On November 7, 2016, the People filed a third subsequent juvenile wardship petition alleging minor had committed another second degree commercial burglary (Pen. Code, § 459, count 1) and petty theft (Pen. Code, § 484, subd. (a), count 2). Minor failed

3

to appear at the hearing on November 28; over the People's objection, the court ordered a bench warrant issued, but held until December 14; the court ordered the probation department to personally serve minor for the hearing.

Minor appeared at the hearing on December 14, 2016, and the court recalled the bench warrant. On February 15, 2017, pursuant to an agreement with the People, minor admitted the truth of an added allegation in a first amended subsequent petition that he received stolen property not exceeding a value of $950. (Pen. Code, § 496, subd. (a), count 3.) In return, on the People's motion, the court dismissed counts 1 and 2. The court continued the matter for disposition.

On March 17, 2017, after a contested dispositional hearing, the court removed minor from the custody of his parents and placed him in the custody of the probation department in juvenile hall. On August 9, the court ordered minor maintained at Boys Republic. On November 8, the court returned minor to the custody of his mother on probation.

On February 24, 27, and March 3, 2018, minor and four other suspects coordinated to meet with three separate victims to steal their cars. Minor was armed with a rifle, which he pointed at the victims demanding their property. The victims gave up their property and vehicles fearing they would be shot. Minor and his associates were unable to get away with the third car because it was a manual transmission, which none of them knew how to drive.

On March 14, 2018, the People filed another subsequent juvenile wardship petition alleging two counts of carjacking (Pen. Code, § 215, subd. (a), counts 1 & 4),

4

three counts of second degree robbery (Pen. Code, § 211, counts 2, 5, & 8), three counts of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1), counts 3, 6, & 9), and one count of attempted carjacking (Pen. Code, §§ 664, 215, subd. (a), count 7). On the same date, the People filed a petition for violation of probation alleging minor failed to report to his probation officer as directed (A1), had used marijuana (A2), and failed to attend school without an excuse (A3).

On May 11, 2018, pursuant to a negotiated disposition, minor admitted the count 1 offense; in return, the People withdrew their request to transfer the matter to adult court, moved to dismiss the remaining allegations, and moved to dismiss the violations of probation. The parties agreed the dismissed allegations could be considered for purposes of victim restitution and sentencing. At the disposition hearing on June 15, the court committed minor to Gateway rather than the Department of Juvenile Justice.

On February 4, 2020, minor was released from Gateway to transitional housing. On March 20, the probation department recommended minor be discharged as a ward of the court, probation be deemed satisfactorily completed, and the court seal the records pertaining to the dismissed petition. On May 29, the court dismissed the case and discharged minor, but did not seal minor's records.

On August 26, 2020, defense counsel filed a motion to seal minor's records of his juvenile adjudication pursuant to Welfare and Institutions Code section 786 or, in the alternative, section 781. At the hearing on the motion on August 27, the juvenile court noted it would not grant relief under section 786: "If anything, it would be under [section] 781. That would be the more appropriate section." The People objected to

5

sealing minor's records "because . . . the Court just ended jurisdiction in May of 2020 . . . . So, it's been three months. And while [minor] . . . is 18 now, we don't know what [he] is actually—is [he] truly rehabilitated? As the Court is aware [he] does have a pretty alarming criminal history from 2015 to 2018 where [he] committed quite a few burglaries culminating in the carjacking for this incident. And [he] didn't do well on probation. There are quite a few violations."

Minor's counsel responded that courts dismiss minors' cases only if the minor has performed well; minor had performed well, had his case dismissed and, thus, had already demonstrated rehabilitation. The court replied, "I am inclined to grant the minor's request based on probation's recommendation. [¶] However, I do think it's a little soon. So I am going to continue this matter for six months." "If the minor is still doing well and is still progressing, my inclination is to grant the relief requested at the six-month mark. [¶] So, the Court is going to set this matter for February 23, 2021. That will be almost a year from the minor having graduated off of probation and completed Gateway. [¶] That will give us a really good idea of this minor's future." "So that's the Court's ruling, six months, February 23, 2021. If the minor is still doing well, the Court will grant the relief."

## II. DISCUSSION

We offered minor an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

6

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____

Acting P. J.

I concur:


FIELDS _____

J.

[*In re C.J.*, E075765]

RAPHAEL, J., Dissenting.

As the opening brief in this appeal raises no issues, we should dismiss it as abandoned, in a brief order. (*People v. Scott* (2020) 58 Cal.App.5th 1127.)

Appellate courts do not normally hunt for issues where the parties raise none. In a postjudgment criminal appeal, there is no constitutional right to have appellate justices search the entire record for issues to address.

Is there any reason for us to review the 694 page record filed in this case and issue an opinion affirming the trial court "judgment" as the majority does?

No, for several reasons.

This juvenile criminal case was dismissed after the minor completed his probation. The parties then litigated a motion to seal his records. This appeal is from the trial court's August 27, 2020 order that *continued* the hearing on his sealing motion to February 23, 2021.

First, it is apparent that we have no jurisdiction over this appeal, as it comes from a postjudgment criminal order that does not affect substantial rights. (Welfare & Inst. Code § 800, subd. (a); Pen. Code § 1237, subd. (b).) It may be arguable that a *denial* of a motion to seal records is appealable as affecting a defendant's substantial rights, but an order *continuing the hearing* on such a motion is not appealable.

Second, the appealed order contains no substantive ruling. It simply continues the hearing on the sealing motion. It is apparent why counsel can raise no issues.

1

Third, the trial judge stated he presumptively intended to grant the minor relief at the continued hearing. This further explains why counsel has no issues to raise.

Fourth, the date for the continued hearing has passed. We don't know what happened. There's no useful ruling we could possibly issue in this appeal.

Thankfully, some panels summarily dismiss frivolous uncontested appeals like this one. Today's majority chooses to independently review the record and issue an opinion affirming. Our Supreme Court has granted review of a case where it is expected to determine how appointed counsel and the Court of Appeal should handle an appeal from a postjudgment order where there is no potentially meritorious issue. (*People v. Delgadillo*, review granted Feb. 17, 2021, S266305.) In my view, this case is among many that demonstrates why guidance will be welcome.

Because I would summarily dismiss the appeal, I respectfully dissent.


RAPHAEL
                                                                              J.

2