Filed 9/9/24  P. v. Lujan CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TONY LUJAN III,<br><br>    Defendant and Appellant. | F087455<br><br>(Super. Ct. No. 16CR-06231A-RF)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Cameron M. Goodman and Kelly E. LeBel, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Petitioner Tony Lujan III petitioned the superior court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on his conviction for voluntary manslaughter (§ 192, subd. (a)). The trial court denied the petition at the prima facie stage after determining petitioner was "the actual shooter and actual killer."

On appeal, petitioner contends the court erred in denying the petition at the prima facie stage because the record did not indisputably establish he was the shooter. We agree and reverse.

## FACTUAL BACKGROUND

In the trial court, the People relied on specified testimony and evidence from petitioner's preliminary hearing to establish the underlying facts of the case.[2] As the People acknowledge, some of the preliminary hearing testimony was hearsay admitted pursuant to section 872, subdivision (b), which generally is inadmissible in proceedings on a section 1172.6 petition for resentencing. (§ 1172.6, subd. (d)(3) ["[H]earsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the [section 1172.6] hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule."]; see *People v. Flores* (2022) 76 Cal.App.5th 974, 988 (*Flores*) ["If such evidence may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a petitioner's ineligibility for resentencing at the prima facie stage."].) We briefly summarize the

---

[1] Undesignated statutory references are to the Penal Code. Former section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We refer to the current section 1172.6 in this opinion.

[2] We grant the People's unopposed request for judicial notice and take judicial notice of the preliminary hearing transcript and specified records concerning the convictions of petitioner's codefendants.

2.

nonhearsay testimony relied on by the People, while acknowledging that the propriety of the court relying on preliminary hearing evidence is a subject of dispute in this appeal.

At the preliminary hearing, a law enforcement officer who responded to the scene of the offense testified to seeing a victim on the ground with an apparent gunshot wound to his body. Another officer attended the victim's autopsy and observed that the victim had a bullet entry wound in his left arm that exited through his right chest. A death certificate entered into evidence reflected that the victim's cause of death was a gunshot wound to the left arm into the chest.

## **PROCEDURAL HISTORY**

On April 4, 2017, an information charged petitioner, along with Steven Andrew Lujan, Charles Frederick Lujan, and Ronnie Ray Lujan III with murder (§ 187, subd. (a); count 1). As to petitioner, the information further alleged a firearm enhancement (§ 12022.53, subd. (d)) and two prior prison term enhancements (§ 667.5, former subd. (b).)

On November 27, 2017, petitioner entered a plea of no contest on count 1 to the lesser offense of voluntary manslaughter (§ 192, subd. (a)), and admitted a firearm enhancement (§ 12022.5, subd. (a)), and a single prior prison term enhancement (§ 667.5, former subd. (b)). In his change of plea form, petitioner affirmed, "There is a factual basis for my plea and the court may consider any report or transcript in the file in finding there is a factual basis for my plea."

On January 4, 2018, petitioner was sentenced to an aggregate term of 17 years, comprised as follows: the middle term of six years for voluntary manslaughter, plus 10 years for the firearm enhancement,[3] and one year for the prior prison term enhancement.

---

[3] The original abstract of judgment erroneously listed the firearm enhancement as having been imposed pursuant to section 12022.53. This error was corrected in a March 5, 2018 amended abstract of judgment, with no change in the sentence.

3.

On February 1, 2023, the court struck the prior prison term enhancement pursuant to section 1172.75 and issued an amended abstract of judgment. The sentence otherwise remained unchanged.

On June 29, 2023, petitioner filed a petition for resentencing pursuant to section 1172.6. Counsel was appointed to represent him. The People opposed the petition on the ground petitioner's admission of the firearm enhancement, along with the death certificate entered into evidence at the preliminary hearing, established petitioner was the actual killer.

At subsequent hearings, petitioner orally brought two *Marsden*[4] motions, which were denied.

The matter was heard on January 12, 2024. The court stated it had read and considered the petition, written opposition, and arguments of counsel, and determined petitioner was ineligible for relief because he was "the actual shooter and actual killer." On that basis, the petition was denied.

## DISCUSSION

### I.     Section 1172.6 Procedure

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437) "altered the substantive law of murder in two areas." (*People v. Curiel* (2023) 15 Cal.5th 433, 448 (*Curiel*).) First, the bill narrowed the scope of the felony-murder rule "so that a 'participant in the perpetration or attempted perpetration of a [specified felony] in which a death occurs' can be liable for murder only if '[t]he person was the actual killer'; '[t]he person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree'; or '[t]he person was a major participant in the underlying felony and acted with reckless indifference to human life.' "

---

[4] *People v. Marsden* (1970) 2 Cal.3d 118.

4.

(*People v. Arellano* (2024) 16 Cal.5th 457, 467–468, quoting § 189, subd. (e)(1)–(3).) Second, the bill "eliminate[d] liability for murder as an aider and abettor under the natural and probable consequences doctrine" by requiring that, "except in cases of felony murder, 'a principal in a crime shall act with malice aforethought' to be convicted of murder." (*Curiel*, at p. 449, quoting § 188, subd. (a)(3).) Now, " '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' " (*Curiel*, at p. 449.)

Additionally, Senate Bill No. 1437 added former section 1170.95, now section 1172.6, to provide a procedure for those convicted of a qualifying offense " 'to seek relief' where the two substantive changes described above affect a defendant's conviction." (*Curiel*, *supra*, 15 Cal.5th at p. 449.) Subsequently, Senate Bill No. 775 (2021–2022 Reg. Sess.) expanded the scope of these ameliorative provisions to "clarif[y] that persons who were convicted of attempted murder or manslaughter" are permitted the same relief as those convicted of murder. (Stats. 2021, ch. 551, § 1, subd. (a); accord, *People v. Arellano*, *supra*, 16 Cal.5th at p. 468, fn. 3.)

Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the sentencing court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)–(c); accord, *People v. Strong* (2022) 13 Cal.5th 698, 708.) If the sentencing court determines the petitioner has made a prima facie showing, the court must issue an order to show cause and hold a hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction. (§ 1172.6, subds. (c), (d)(1).) However, " '[i]f the petition and record in the case establish conclusively that the [petitioner] is ineligible for relief, the trial court may dismiss the petition.' " (*Curiel*, *supra*, 15 Cal.5th at p. 450.)

## II.     Nature of Prima Facie Inquiry

Our Supreme Court has emphasized that "the prima facie inquiry . . . is limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)  "[T]he 'prima facie bar was intentionally and correctly set very low.' " (*Id.* at p. 972.)  The court may not engage in " 'factfinding involving the weighing of evidence or the exercise of discretion' " at the prima facie stage. (*Ibid*.)  "Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.]  'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.)

A petitioner who alleges that he or she could not currently be convicted of a homicide or attempted homicide offense "because of changes to Section 188 or 189 made effective January 1, 2019" (§ 1172.6, subd. (a)(3)) puts at issue all elements of the offense under a valid theory (*Curiel*, *supra*, 15 Cal.5th at p. 462).  Such allegation by the petitioner is not refuted by the record "unless the record conclusively establishes every element of the offense" under a valid theory. (*Id*. at p. 463; see *id.* at p. 465.)

We review the court's prima facie inquiry de novo.  (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)

**III.    Analysis**

Petitioner argues the court erred in denying the petition at the prima facie stage because the record does not "indisputably" show that petitioner was the actual killer. (Boldface & some capitalization omitted.)  We agree that the record does not conclusively establish petitioner's resentencing ineligibility and the court therefore erred in denying the petition at the prima facie stage.

We begin with the undisputed proposition that, absent additional facts, petitioner's plea to voluntary manslaughter does not establish his ineligibility for resentencing as a matter of law.  His plea to voluntary manslaughter, standing alone, does not establish he was the actual killer who acted with express or implied malice (compare § 188, subd. (a)(3) with § 192, subd. (a)), or that he was a participant in a qualifying felony in which a death occurred and was (1) the actual killer, (2) an aider and abettor who acted with intent to kill, or (3) a major participant in the underlying felony who acted with reckless indifference to human life (compare § 189, subd. (e) with § 192, subd. (a)).  Likewise, the plea does not exclude the possibility that petitioner could have been prosecuted for the alleged murder under an imputed malice theory had he not entered his plea.

Similarly, absent additional facts, petitioner's admission of a firearm enhancement pursuant to section 12022.5, subdivision (a) does not establish his ineligibility for resentencing as a matter of law.  This enhancement establishes only that petitioner "personally use[d] a firearm" in the commission of voluntary manslaughter.  (§ 12022.5, subd. (a).)  But, a firearm may be "use[d]" in a variety of ways by a participant in offenses in which a killing results.  (§ 12022.5, subd. (a); see *People v. Jones* (2003) 30 Cal.4th 1084, 1120; *People v. Garrison* (2021) 73 Cal.App.5th 735, 743–744.)  Accordingly, the enhancement admission alone does not establish petitioner was the actual killer.  (*People v. Young* (2005) 34 Cal.4th 1149, 1205.)  Nor does it establish petitioner harbored any specific mens rea beyond general intent.  Because the admitted enhancement allegation does not "conclusively establish[] every element of the offense"

7.

under a valid theory (*Curiel, supra*, 15 Cal.5th at p. 463), it is insufficient to rebut petitioner's allegations of resentencing eligibility. (See *Curiel*, at p. 470 ["[T]he question is not whether it is *likely* [the petitioner] could have felt and acted in such a way," but whether the record "foreclose[d] that possibility *as a matter of law*. Only in the latter scenario would a trial court be permitted to deny a [petitioner's] section 1172.6 petition at the prima facie stage."].)

According to the People, evidence admitted at the preliminary hearing, when viewed alongside petitioner's plea and admission, establishes he was the actual killer. Courts of Appeal are split on the role of preliminary hearing evidence in establishing a petitioner's ineligibility for resentencing at the prima facie stage. (See *People v. Williams* (2024) 103 Cal.App.5th 375, 389–394 [collecting cases].) Our Supreme Court has granted review to resolve this issue. (*People v. Patton* (2023) 89 Cal.App.5th 649, review granted June 28, 2023, S279670.) However, we need not resolve this split of authority. Even if the court permissibly considered the limited preliminary hearing evidence presented by the People, that evidence does not establish petitioner's ineligibility for resentencing as a matter of law.

The admissible preliminary hearing evidence establishes the victim was shot and died of a gunshot wound. As explained above, the plea and admission establish that petitioner participated in that killing as either a direct perpetrator or aider and abettor and used a firearm while doing so. Even when viewed together, the evidence, plea, and admission do not establish that petitioner fired the firearm, let alone that he fired the fatal shot. Nor do they establish he acted with the mens rea required under current law. Absent additional facts, the record does not establish petitioner's ineligibility for resentencing as a matter of law. (*Curiel, supra*, 15 Cal.5th at p. 463.)

Finally, the People argue that the convictions of petitioner's codefendants establish that he was the actual killer. We have granted the People's unopposed request and taken judicial notice of records indicating that, on the date of petitioner's plea, codefendants

Steven Lujan[5] and Charles Lujan were convicted of being an accessory (§ 32), and codefendant Ronnie Ray Lujan III was convicted of assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)). However, we have substantial doubt that the records of petitioner's codefendants' convictions are part of *petitioner's* record of conviction, or that these records properly may be considered in the court's prima facie inquiry. (See *Flores*, *supra*, 76 Cal.App.5th at p. 988 [an opinion in a codefendant's appeal is not part of the petitioner's record of conviction].) Furthermore, there is no indication in the record as to whether the codefendants were convicted before or after petitioner, and thus no indication of whether their pleas convey any information whatsoever regarding the facts to which petitioner pled. (Cf. *People v. Trujillo* (2006) 40 Cal.4th 165, 180 [admissions made after acceptance of the defendant's guilty plea do not reflect the facts upon which he was convicted].) Finally, while the codefendants' convictions certainly suggest the People believed petitioner was the direct perpetrator of the killing, their convictions do not conclusively establish petitioner is guilty of murder under a currently valid theory, nor foreclose the possibility of petitioner being convicted of murder under an imputed malice theory had he proceeded to trial.

In sum, the record of conviction does not establish petitioner's ineligibility for resentencing as a matter of law. Accordingly, the court erred in denying the petition. The court's order must be reversed, and the matter remanded with directions to issue an order to show cause.

## **DISPOSITION**

The court's order denying the section 1172.6 petition for resentencing is reversed and the matter is remanded with directions to issue an order to show cause (§ 1172.6,

---

[5] The People suggest the date of Steven Lujan's conviction was January 21, 2018. However, the abstract of judgment for Steven Lujan states he was convicted on November 27, 2017, the same date as petitioner, with his sentencing hearing and prison commitment having been conducted on January 23, 2018.

subd. (c)), and to conduct such proceedings as necessary under section 1172.6, subdivision (d).

DETJEN, Acting P. J.

WE CONCUR:


FRANSON, J.


PEÑA, J.

10.