Filed 1/30/25  P.v. Williams CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B331966 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A778951) |
| v. | |
| BERNELL WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Craig E. Veals, Judge.  Reversed.

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Chung L. Mar and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Bernell Williams (defendant) pled guilty to murder in 1986.  In 2019, he filed a petition for resentencing under Penal Code section 1172.6 (former Penal Code section 1170.95).[1]  That petition was denied, and this court affirmed.  In 2022, defendant filed a second section 1172.6 resentencing petition, which the trial court again denied.  In this appeal from that denial, we are asked to decide whether the doctrines of issue preclusion or law of the case foreclose section 1172.6 relief and, if not, whether defendant has made a prima facie case for relief such that further process is required.

## I.  BACKGROUND

### A.    *The Charges and Plea*

The Los Angeles County District Attorney charged defendant in a felony complaint with murder in violation of Penal Code section 187, subdivision (a).  The complaint additionally alleged defendant personally used a handgun in the commission of the offense.  (§ 12022.5.)

A certificate and order of magistrate dated March 1986 certified defendant pled guilty to "violation section 187a PC a felony."  Defendant was sentenced to 17 years to life in prison with the possibility of parole.  His abstract of judgment states the sentence was imposed for a conviction of second degree murder.

---

[1]    Undesignated statutory references that follow are to the Penal Code.

*B.      Defendant's First Petition for Resentencing*[2]

In January 2019, defendant filed his first section 1172.6 petition for resentencing.  In his form petition, defendant checked boxes declaring (1) "[a] complaint . . . was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;]" (2) he "pled guilty or no contest to 1st or 2nd degree murder in lieu of going to trial because [he] believed [he] could have been convicted of 1st or 2nd degree murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine[;]" and (3) he "could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189 . . . ."  Defendant also checked a box declaring he "was convicted of 2nd degree murder under the natural and probable consequences doctrine or under the 2nd degree felony murder doctrine and [he] could not now be convicted of murder because of changes to Penal Code § 188 . . . ."

At a hearing on the petition, the trial court stated the documentation presented to the court was a "makeshift file that contain[ed] the pre-plea report" and indicated defendant "was the actual shooter."  The trial court denied the petition without issuing an order to show cause after determining the "facts of the case" demonstrated defendant "was the actual killer and therefore was properly convicted of murder notwithstanding the amendments to Penal Code § 189 . . . ."

Defendant appealed the denial of the petition and his appointed counsel filed a brief pursuant to *People v. Wende* (1979)

---

[2]      The People asked this court to take judicial notice of the file in defendant's prior appeal, and we granted the request.

3

25 Cal.3d 436.[3] Defendant submitted a supplemental brief arguing, among other things, that malice may not be imputed under the amended murder statutes and claiming he did not intend to kill Hunter. This court affirmed the trial court's denial of the petition, reasoning the facts (derived from "the probation and sentence report") established "defendant was the person who shot Hunter and his guilt d[id] not rest on a natural and probable consequences theory of liability." (*People v. Williams* (B297940), Feb. 3, 2020 [nonpub. opn.].)

C.      *The Resentencing Petition at Issue in This Appeal*

In May 2022, defendant filed another form petition for resentencing under section 1172.6. The petition declared (1) "[a] complaint . . . was filed against [him] that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]" (2) he "accepted a plea offer in lieu of a trial at which [he] could have been convicted of murder[;]" and (3) he "could not presently be convicted of murder . . . because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019 . . . ."

The trial court appointed counsel for defendant, though in doing so it stated it had considered "an identical petition filed by

---

[3]      Our Supreme Court subsequently held a defendant appealing from an order denying postconviction relief, including under section 1172.6, is not entitled to independent review pursuant to *Wende*. (See *People v. Delgadillo* (2022) 14 Cal.5th 216.)

4

petitioner in 2019 . . . ." The People opposed the petition for resentencing and argued issue preclusion required denial of defendant's petition.

The trial court held a hearing and denied the petition. The minute order issued in connection with the hearing sets forth the trial court's ruling: "The facts of the case show that petitioner became embroiled in an argument with the victim, Anthony Hunter, at a liquor store. As the conflict escalated, petitioner produced a firearm and shot the victim twice in the chest. As the victim stumbled away for cover, petitioner fired several more shots at him. The victim subsequently died at the hospital from a single gunshot wound to his chest. [¶] As the court determined following its consideration of an identical petition filed by petitioner in 2019, the facts demonstrate petitioner was the actual killer and is thereby precluded from receiv[ing] the relief he requests. [Citation.]"

## II.  DISCUSSION

Our Supreme Court has granted review and heard argument in a case that may impact the appropriate disposition of this appeal. (*People v. Patton* (2023) 89 Cal.App.5th 649, review granted Jun. 28, 2023, S279670.) Pending further guidance from our Supreme Court in *Patton*, however, we conclude reversal of the trial court's order is warranted. Defendant's second petition for resentencing is not barred by the doctrines of collateral estoppel or law of the case under an exception that applies where, as here, there are intervening changes in the law. In addition, we believe defendant's section 1172.6 petition otherwise states a prima facie case for relief.

5

## A. *Defendant's Section 1172.6 Petition Is Not Barred by Issue Preclusion or Law of the Case Principles*

Section 1172.6 does not expressly prohibit individuals from filing more than one petition for resentencing. A second, subsequent petition, however, may be barred by the doctrine of issue preclusion. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 950; *People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1242, fn. 5.) "'As traditionally understood and applied, issue preclusion bars relitigation of issues earlier decided "only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding."' [Citation.] 'The party asserting [issue preclusion] bears the burden of establishing these requirements.'" (*People v. Curiel* (2023) 15 Cal.5th 433, 451-452.) But even if all of these requirements are met, there are still exceptions.

One established exception "'holds that preclusion does not apply when there has been a significant change in the law since the factual findings were rendered that warrants reexamination of the issue.' [Citation.] 'This exception ensures basic fairness by allowing for relitigation where "the change in the law [is] such that preclusion would result in a manifestly inequitable administration of the laws." [Citation.] It also reflects a recognition that in the face of this sort of legal change, the equitable policies that underlie the doctrine of issue preclusion—

6

"preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation" [citation]—are at an ebb.'" (*Curiel*, *supra*, 15 Cal.5th at 454; see also *People v. Strong* (2022) 13 Cal.5th 698, 716 [even when the threshold requirements for issue preclusion are met, the doctrine "does not apply when there has been a significant change in the law since the factual findings were rendered that warrants reexamination of the issue"].)

Defendant filed his first petition for resentencing under former section 1170.95 in 2019, it was denied, and we affirmed the trial court's denial in 2020. In reaching its decision, the trial court stated it had been presented with "a makeshift file that contain[ed] the pre-plea report."[4] Our prior opinion stated we derived our statement of facts from the "probation and sentence report." There is no indication in the record that defendant stipulated any of those documents were the factual basis of his plea. And the probation report, which is hearsay, is the only document in the appellate record that purports to describe the facts of the crime.

After our resolution of defendant's first appeal, our Supreme Court decided *People v. Lewis* (2021) 11 Cal.5th 952 and the Legislature substantially amended the statute that is now section 1172.6. As a result of *Lewis* and the amendments to section 1172.6, a trial court may no longer engage in factfinding involving the weighing of evidence, rely on factual statements in prior appellate opinions (except in a limited respect), or rely on hearsay without an applicable exception, to conclude that a

---

[4] The appellate record does not contain a copy of any "pre-plea report."

7

petition for resentencing under section 1172.6 does not state a prima facie case. (§ 1172.6, subd. (d)(3); *Lewis, supra*, 11 Cal.5th at 971-972; *People v. Owens* (2022) 78 Cal.App.5th 1015, 1026; *People v. Clements* (2022) 75 Cal.App.5th 276, 292; *People v. Flores* (2022) 76 Cal.App.5th 974, 988, fn. 9.) Because defendant's 2022 petition was "based on new authority which challenged the primary ground for the superior court's summary denial of his 2019 petition," it falls within the exception to the issue preclusion doctrine and is not barred by the prior proceedings. (*Farfan, supra*, 71 Cal.App.5th at 951.)

The People also argue defendant's second petition is barred by the law of the case doctrine. "'"The doctrine of the law of the case is this: That where, upon an appeal, the [reviewing] court, in deciding the appeal, states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal, and . . . in any subsequent suit for the same cause of action . . . ."' The principle applies to criminal as well as civil matters [citations] . . . ." (*People v. Stanley* (1995) 10 Cal.4th 764, 786.) However, "the doctrine will not be adhered to where its application will result in an unjust decision, e.g., where there has been a 'manifest misapplication of existing principles resulting in substantial injustice' [citation], or the controlling rules of law have been altered or clarified by a decision intervening between the first and second appellate determinations [citation]." (*Id.* at 787; see also *People v. Jimenez* (2024) 103 Cal.App.5th 994, 1006-1007.) As discussed above, the amendments to section 1172.6 altered or clarified the controlling rules of law at the prima facie

8

stage.  As a result, the law of the case doctrine does not foreclose relief in this case.

### B. *The Petition Presents a Prima Facie Case for Relief*

"A petitioner is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that . . . the petitioner was the actual killer . . . ." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)  In determining whether a petitioner makes a prima facie case for relief, the court may review the record of conviction.  (*Lewis, supra,* 11 Cal.5th at 971-972 & fn. 6.)  "When the petitioner's conviction resulted from a guilty plea rather than a trial, the record of conviction includes the facts 'the defendant admitted as the factual basis for a guilty plea.'  [Citations.]  However, the court may only consider facts the defendant stipulated to as part of the factual basis or otherwise admitted as true.  [Citations.]  '[A]llowing inquiry into the historical facts that may appear in the court's files but that were never admitted by the petitioner as the factual basis for a plea . . . would . . . convert the prima facie inquiry into a factual contest.'  [Citation.]"  (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211-1212.)

When the trial court found defendant was not entitled to relief as a matter of law, it relied on its factual understanding that defendant was the victim's actual killer.  The record on appeal consists of the felony complaint filed against defendant, his probation report, a certificate and order of magistrate for defendant's guilty plea, the abstract of judgment, and what appears to be a court log of the proceedings.  The complaint charged defendant with one count of murder and alleged he

9

personally used a firearm in the commission of the offense.  It provides no other detail.  Defendant's plea is no more illuminating.  The document memorializing the plea recites only that defendant pled guilty to murder as defined in section 187, subdivision (a).  His abstract of judgment reflects he was sentenced for second degree murder.  These facts, alone, provide no insight into the facts and circumstances surrounding the murder, and they are insufficient to establish defendant was the victim's actual killer.  There is no indication defendant admitted any facts constituted the factual basis of his plea.  The probation report is the only document that purports to provide a recitation of the relevant facts, but its factual summary is comprised of hearsay statements drawn from the "D.A. file."[5]

---

[5] The probation report, which was prepared after defendant pled guilty, also describes statements defendant made to the probation officer regarding the crime.  In *People v. Trujillo* (2006) 40 Cal.4th 165, 179, our Supreme Court held that "a defendant's statements, made after a defendant's plea of guilty has been accepted, that appear in a probation officer's report prepared after the guilty plea has been accepted are not part of the record of the prior conviction, because such statements do not 'reflect[ ] the facts of the offense for which the defendant was convicted.'"

DISPOSITION

The order denying defendant's section 1172.6 petition is reversed. The matter is remanded to the superior court with directions to issue an order to show cause and to thereafter proceed as required by section 1172.6, subdivision (d).


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, Acting P. J.

We concur:


MOOR, J.


KIM (D.), J.


11